**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 02-20053

In The Matter Of:  BISSONNET INVESTMENTS LLC,

Debtor

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BISSONNET INVESTMENTS LLC; LAVA CORPORATION; ALFRED J ANTONINI, Trustee; ALFRED J ANTONINI,

Appellants,

v.

JOHN QUINLAN, Substitute Trustee; JOHN QUINLAN; THE IRELAND FAMILY LIMITED PARTNERSHIP; GARY W. GATES; MELISSA V. GATES; GATESCO INC; NHAPT LLC; APTNH LP,

Appellees.

Appeal from the United States District Court
for the Southern District of Texas

February 4, 2003

Before EMILIO M. GARZA and CLEMENT, Circuit Judges, and DAVIS,[*] District Judge.

CLEMENT, Circuit Judge:

---

[*] District Judge of the Eastern District of Texas, sitting by designation.

1

A debtor brought suit in state court for breach of contract, fraudulent inducement, tortious interference, and civil conspiracy against the purchaser of the debtor's bankruptcy estate's assets. The purchaser removed the lawsuit to federal court pursuant to 28 U.S.C. § 1452 (1994), and the district court referred the case to bankruptcy court. The debtor unsuccessfully challenged the federal courts' subject matter jurisdiction in the bankruptcy and district courts, and now appeals to this Court. The purchaser, citing Sykes v. Texas Air Corp., 834 F.2d 488 (5th Cir. 1987), argues § 1452 deprives this Court of appellate jurisdiction over all decisions not to remand a bankruptcy case to state court, even if the district court allegedly lacks subject matter jurisdiction under 28 U.S.C. § 1334 (1993). Because Sykes' analysis of § 1452 applies only to district court decisions *to* remand, and not to decisions *not* to remand, and because § 1447 only precludes appellate review of decisions to remand in the face of an alleged lack of jurisdiction (and not decisions to *retain* a case), we find appellate jurisdiction. We affirm the district court's finding of subject matter jurisdiction.

I.      BACKGROUND

Alfred J. Antonini, Bissonnet Investments, and others (collectively "Antonini") brought this suit against John Quinlan, and others (collectively "Quinlan") in the 113th judicial district court of Harris County, Texas. The suit attacks Quinlan's actions before and after Antonini filed in bankruptcy court a contract between Antonini and Quinlan regarding the sale of various bankruptcy estate assets. Antonini alleged breach of contract, fraudulent inducement, tortious interference, and civil conspiracy. Quinlan removed the suit to the southern district of Texas pursuant to 28 U.S.C. § 1452 (1994), the bankruptcy removal statute. Antonini filed a motion to remand the suit, alleging lack of subject matter jurisdiction under 28 U.S.C. § 1334(b) (1993), which the bankruptcy court denied. Antonini took an interlocutory appeal of the bankruptcy court's denial of remand to the

district court, and the district court affirmed the bankruptcy court's denial of remand. On the merits, the bankruptcy court granted partial summary judgment to Quinlan and, after a bench trial, issued a take nothing judgment. Antonini appealed the merits to the district court and re-appealed the subject matter jurisdiction decision. The district court affirmed on both issues. Antonini appeals the subject matter jurisdiction decision to this Court.

II.     STANDARD OF REVIEW

We review questions of subject matter jurisdiction *de novo*. Lundeen v. Mineta, 291 F.3d 300, 303 (5th Cir. 2002).

As an initial matter, we must determine whether we have appellate jurisdiction. Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 336 (5t h Cir. 1999). Several cases from this Court discuss the limits of this Court's ability to review district court decisions to remand, or not to remand, bankruptcy cases that have been removed to federal district or federal bankruptcy court. See Sykes v. Tex. Air Corp., 834 F.2d 488, 490 (5th Cir. 1987); In re Rayburn Enters., 781 F.2d 501, 502 (5th Cir. 1986); Browning v. Navarro, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984); In re Compton, 711 F.2d 626, 627 (5th Cir. 1983). These cases implicitly analyze the interplay of the two restrictions on appellate review of remand decisions, 28 U.S.C. §§ 1447 and 1452(b).

Section 1447 instructs federal district courts to remand cases that have been removed from state court if it appears that the district court lacks subject matter jurisdiction, and paragraph (d) expressly strips this Court of appellate review of a district court's decision to remand:

> (a) In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise.
>
> . . . .

3

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). *If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case . . . .*

(d) An order remanding a case to the State court from which it was removed *is not reviewable* on appeal or otherwise . . . .

28 U.S.C. § 1447 (1994) (emphasis added). Section 1452 limits appellate review of decisions to remand or not to remand that are removed to federal district court under its § 1334 bankruptcy jurisdiction:

(a) A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. *An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals* under section 158(d), 1291, or 1292 of this title or by the Supreme Court . . . .

28 U.S.C. § 1452(b) (1994) (emphasis added).

In In re Compton, the federal bankruptcy court found subject matter jurisdiction over a divorce case filed in state court. 711 F.2d at 626. On appeal, the federal district court disagreed that the bankruptcy court had subject matter jurisdiction and remanded the divorce case to state court. The debtor appealed the district court's decision to remand to this Court. We dismissed the appeal for lack of appellate jurisdiction: "Whether the remand order be viewed as one of abstention or as one grounded in a perceived want of jurisdiction, we are not empowered to review it." Id. at 627. The Court supported this statement by citing two sections dealing with abstention, § 1471 (superceded in 1984 by § 1334) and § 1478 (superceded in 1984 by § 1452), but not § 1447, dealing

4

with the perceived want of jurisdiction.

The Court next discussed its appellate review of remand decisions in bankruptcy cases in Browning v. Navarro. 743 F.2d at 1076 n.21. With reference to § 1478 (presently § 1452), the Court wrote: "Nonreviewability extends only to the discretionary decision to remand or not to remand a properly removed action, not to whether the bankruptcy court originally had jurisdiction over the matter." 743 F.2d at 1076 n.21. While not discussing how § 1447 and § 1478 (presently § 1452) interrelate, Browning analogizes the two statutes: "The statute plainly prohibits our review of a bankruptcy court's remand order on direct appeal. This comports with the extensive jurisprudence under 28 U.S.C. § 1447(d), an analogous rule contained in the general remand provisions establishing that remand orders of a district court are unreviewable on direct appeal." Id. at 1077.

In re Rayburn dealt with a fact pattern similar to that in Compton: a debtor was involved in a state court lawsuit; the action was removed to federal court; a federal bankruptcy court found it had subject matter jurisdiction under the bankruptcy removal statute; an appeal was taken to the federal district court; and the district court remanded the lawsuit to state court. 781 F.2d at 502. This Court was asked to hear an appeal of the district court's decision in favor of remanding to state court. We started by noting that "[t]o a far greater degree than in most cases, appellate jurisdiction is by no means assured in bankruptcy matters." Id. Rayburn then cited § 1452(b) as an example of restricted appellate review, but slightly mis-characterized Compton as discussing only review of remand decisions based on abstention. "We . . . reaffirm the Compton ruling and follow it. Because § 1452(b) therefore bars a consideration of this case's merits, the appeal is DISMISSED." Id. at 503.

The Court's longest scrutiny of its appellate jurisdiction is Sykes v. Texas Air, Inc., 834 F.2d

5

at 488. Sykes brought suit in state court and Texas Air removed the suit to federal district court, claiming Sykes' suit was related to the bankruptcy of Texas Air's subsidiary. Id.; see § 1334(b). The district court disagreed, finding no subject matter jurisdiction and remanding to state court. Texas Air appealed the district court's decision to remand. Texas Air buttressed its argument in support of appellate jurisdiction with Pacor, Inc. v. Higgins, 743 F.2d 984, 990-93 (3rd Cir. 1984). Pacor found appellate jurisdiction for remand orders where the district court based its remand decision on a perceived lack of jurisdiction. To reach this conclusion, Pacor held that: (1) § 1447(c)-(d), which preclude review of remand decisions to state courts, does not apply to bankruptcy cases removed pursuant to § 1452(a); and (2) that § 1452(b) precludes review of remand decisions based on equitable grounds, but does not preclude review of remand decisions based on a perceived lack of jurisdiction. Id. Sykes bluntly rejected Pacor's reasoning and results: "The Pacor analysis turns on a sort of semantic crack in the statute rather than a sound appreciation of the strong congressional policy against review of remand orders." 834 F.2d at 490. The Court continued:

> Both § 1441 and § 1452 literally apply to every case removed from state court by the defendant because of a related bankruptcy; what we may term "direct" removal jurisdiction exists under § 1452 and its companion jurisdictional bankruptcy statute § 1334, and "indirect" bankruptcy removal jurisdiction exists under § 1441, which permits removal of any civil action of which the federal district courts would have original jurisdiction, including bankruptcy actions under § 1334. In other words, there is in every bankruptcy case the potential for both "direct" § 1452/§ 1334 removal and "indirect" § 1441/§ 1334 removal. This inherent overlap led the court in Pacor to conclude that only § 1452 should apply when jurisdiction is founded on § 1334. That solution is a plausible way to avoid inconsistencies that could result from the simultaneous application of the two removal statutes to bankruptcy cases, but it is inadequate.

Id. at 491. Sykes concluded: "By the rule of In re Compton and In re Rayburn we lack jurisdiction to hear this appeal. Those cases create an absolute bar against appeal from decisions to remand or

6

not under § 1452(b)." Id. at 492.

Antonini and Quinlan dispute the holdings and the practical effects of these cases. One reading is that § 1452, alone, creates an absolute bar against appeal from decisions to remand or not to remand, whether based on equitable *or* jurisdictional grounds. See Sykes, 834 F.2d at 492.[1] An alternate reading is that this Court's ability to review decisions regarding remand decisions in bankruptcy cases is governed by both § 1447 and § 1452(b), just as removal of bankruptcy cases is governed by both § 1441 and § 1452(a). See Sykes, 834 F.2d at 491. Under this reading, Compton, Browning., and Sykes anticipated the Supreme Court's decision in Things Remembered, Inc., v. Petrarca, 516 U.S. 124, 129 (1995) ("There is no reason §§ 1447(d) and 1452 cannot comfortably co-exist in the bankruptcy context. We must, therefore, give effect to both."). Thus, § 1447(d) precludes all review of decisions to remand when based on a perceived lack of subject matter jurisdiction, even if the district court erroneously believes it lacks jurisdiction.[2] See Thermatron Prods., Inc. v. Hermansdorfer, 423 U.S. 336 (1976); but see Pacor, 743 F.2d at 991; In re Celotex

---

[1] Antonini claims this absolute bar prevented his interlocutory appeal of the district court's ruling in favor of subject matter jurisdiction. Quinlan rejoins that if these cases absolutely barred interlocutory appeal, they equally bar appeal of a final judgment.

[2] Some language in Sykes may have been misleading. Sykes ultimately adopted Rayburn's mis-characterization of Compton, that Compton only construed the abstention statute, § 1478 (presently § 1452), and not the jurisdiction statute, § 1447(d). Under this false premise, Sykes included a footnote conjecturing the result where a district court decides to *retain* a case in the face of arguments that it lacks jurisdiction: "[T]he decision itself is technically unreviewable; but of course the appellate court reviewing any other aspect of the case must remand for dismissal if the refusal to remand was wrong, i.e., if there is no federal jurisdiction over the case." 834 F.2d at 492 n.16. Sykes' instinct in favor of review is correct–a district court's decision not to remand when it allegedly lacks subject matter jurisdiction is subject to appellate review. Its mis-characterization of Compton prevented it from drawing the logical result of its discussion that bankruptcy decisions are subject to both direct and indirect removals under §§ 1441 and 1452, namely, that reviewability of decisions regarding remands following removal is governed by §§ 1447 and 1452.

Corp., 124 F.3d 619, 625 (4th Cir. 1997) (premising its analysis on Pacor's holding that § 1447(d) does not apply to bankruptcy cases). And § 1452(b) precludes all review of a decision for or against remand of a properly removed case when the decision is based on equitable factors. See Celotex, 124 F.3d at 625; Pacor, 743 F.2d at 992-93; In re Nat'l Developers, Inc., 803 F.2d 616, 619 (11th Cir. 1986). But neither § 1447(d) nor § 1452(b) preclude appellate review of a district court decision not to remand when the district court erroneously finds subject matter jurisdiction.

Because the district court decided *not* to remand for an alleged lack of jurisdiction, § 1447(d) does not preclude this Court's appellate jurisdiction. Because the district court decision was not based on equitable grounds, § 1452(b) does not preclude appellate review. As nothing prevents this Court from reviewing the district court's decision finding subject matter jurisdiction, we therefore review that decision de novo. Lundeen, 291 F.3d at 303.

III.    DISCUSSION

All federal courts are courts of limited jurisdiction. A bankruptcy court's jurisdiction is especially circumscribed and wholly "grounded in, and limited by, statute." Celotex Corp. v. Edwards, 514 U.S. 300, 307 (1995). District courts, and their adjunct bankruptcy courts, have jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11." § 1334(b). For "related to" jurisdiction to attach to Antonini's state lawsuit, the anticipated outcome of the action must both (1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate. See In re Walker, 51 F.3d 562, 569 (5th Cir. 1995). The existence of subject matter jurisdiction is determined at the time of removal. Arnold v. Garlock, 278 F.3d 426, 434 (5th Cir. 2002).

Antonini controlled legal entities that held interests in the Nachez House Apartments and the

8

Woodland Forest Apartments. At various times, Antonini was involved in four bankruptcy proceedings–three for entities with interests in Woodland Forest (in Texas, California, and Nevada), and one for an entity with interests in Natchez House (in Texas). At the time Quinlan removed Antonini's state-court suit, only one of these cases, <u>In re Alnevco</u>, Case No. 99-18806 (Bankr. D. Nev.), had not been dismissed.

At the time of its bankruptcy, Alnevco, an unincorporated Nevada entity, held one asset: a second lien on Woodland Forest. This lien had been released by the time Quinlan moved to remove Antonini's state-court suit. Nevertheless, the outcome of Antonini's state-court suit could have altered the options and resources available to Alnevco because Antonini's state-court suit sought specific performance of the Antonini-Quinlan contract, which included the sale of Woodland Forest. Moreover, release of the lien was done without Bankruptcy Court approval and both parties agree the release was avoidable under 11 U.S.C. § 549 (1993 & Supp. IX 2002) as an unauthorized post-petition transfer. Thus, Antonini's lawsuit "related to" the then-open Alnevco bankruptcy case and the district court correctly affirmed the bankruptcy court's exercise of subject matter jurisdiction.

IV.  CONCLUSION

For the reasons stated, we affirm the district court's decision finding subject matter jurisdiction.[3]

AFFIRMED.

---

[3] Quinlan's motion to strike documents and an issue on appeal is denied as moot.