United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

No. 03-31155
Summary Calendar

PARADISE VILLAGE CHILDREN'S HOME, INC.,

Plaintiff-Appellee,

versus

ELDER LIGGINS; ZEONIA LIGGINS; CHARLES BRADFORD; HENRY LIGGINS;
LILLIAN OVERTON; BELINDA BONNETT; WALTER KEY, JR.,

Defendants-Appellants.

Appeal from the United States District Court
for the Western District of Louisiana
(03-CV-1060)

Before HIGGINBOTHAM, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:*

Appellants appeal, *pro se*, the dismissal of this action, which they had removed from Louisiana state court to the district court pursuant to 28 U.S.C. § 1446. (The action had been removed and remanded previously.) The district court ruled that it lacked subject matter jurisdiction, denied their motion for removal, and dismissed the case.

Appellee contends that this court lacks jurisdiction, claiming that the district court remanded for lack of jurisdiction. *See* 28

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 1447(d). The record, however, does not indicate that the district court remanded the case. When there is no remand, 28 U.S.C. "§ 1447(d) does not preclude this Court's appellate jurisdiction." *In re Bissonnet Investments LLC*, 320 F.3d 520, 525 (5th Cir. 2003).

A dismissal based on lack of subject matter jurisdiction is reviewed *de novo*. *Peoples Nat'l Bank v. Office of the Comptroller of Currency of the United States*, 362 F.3d 333, 336 (5th Cir. 2004). Appellants do not contest the district court's ruling that it lacked subject matter jurisdiction. Although *pro se* briefs are afforded liberal construction, *pro se* litigants must brief contentions in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

This appeal is without arguable merit and, therefore, is **DISMISSED** as frivolous. *See* **Howard v. King**, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Appellants are warned that filing frivolous appeals in the future could subject them to sanctions.

Appellee's request for costs and damages under FED. R. APP. P. 39 is **DENIED**.

*APPEAL DISMISSED; SANCTIONS WARNING ISSUED;*
*REQUEST FOR COSTS AND DAMAGES DENIED*

2