United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 24, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 03-41698
Summary Calendar
_____

MAX W. KILLINGSWORTH,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,

Defendant - Appellee,

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
--------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

In this tax refund case, Appellant Max Killingsworth appeals from the district court's dismissal of his lawsuit, based on its ruling that he failed to file it within the applicable statute of limitations. Because we agree that the suit was untimely, we affirm.

This case began when Applied Polymer Technology, Killingsworth's former employer, failed to pay over federal withholding tax to the Internal Revenue Service ("IRS") for the

_____

[*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

1

three quarters ending December 31, 1989, March 30, 1990, and June 30, 1990. The IRS determined that Killingsworth, who worked as Applied Polymer Technology's general manager until the end of June 1990, was a responsible person under 26 U.S.C. § 6672. This provision provides, among other things, that a person who is responsible for willfully failing to pay over tax is liable for a penalty equal to the total amount of the tax. 26 U.S.C. § 6672(a). Acting under this section, the IRS assessed Killingsworth a penalty of $64,824.98 for the three quarters. The penalty was contained in a single assessment. In response, Killingsworth paid a portion of the penalty and filed an administrative refund claim.

Killingsworth's claim was disallowed on June 4, 1996. The letter notifying Killingsworth of the disallowance informed him that if he wanted to sue for recovery, he had to do so within two years of the date of the letter. It is undisputed that Killingsworth did not file suit within that time limit.

Instead, after receiving a January 1999 notice of the IRS's intent to collect the penalty, Killingsworth requested a collection due process hearing. The IRS Office of Appeals conducted the hearing, but determined that the IRS could proceed with the collection. Shortly afterwards, Killingsworth filed a complaint in district court, seeking review of the Office of Appeals' decision and seeking to abate the penalty. This original suit was dismissed without prejudice upon the parties'

2

joint motion.

After the dismissal, Killingsworth made a partial payment and filed new administrative claims. The current lawsuit, a tax refund suit under 26 U.S.C. §7422, followed in December 2001, over five years after Killingsworth's original refund claim was disallowed.

The United States moved for dismissal, contending that Killingsworth's claims were barred by the two-year statute of limitations found in 26 U.S.C. § 6532. Further, the United States argued that compliance with § 6532 was jurisdictional because the section waived sovereign immunity. The district court agreed, found the refund claim untimely, and dismissed the lawsuit. Killingsworth timely appealed.

Killingsworth now challenges the district court's conclusion that it lacked jurisdiction because the refund claim is time-barred. We review the district court's jurisdiction decision *de novo*. *See In re Bissonnet Inv.*, 320 F.3d 520, 522 (5th Cir. 2003).

The limitations period in this case is particularly important because it is jurisdictional. Section § 6532 limits when a taxpayer may bring a lawsuit against the United States. "It is well-established that, if a waiver of sovereign immunity contains a limitations period, a plaintiff's failure to file his action within that period deprives the court of jurisdiction."

3

*Gandy Nursery, Inc. v. United States*, 318 F.3d 631, 637 (5th Cir. 2003). Such a waiver is strictly construed in favor of the sovereign. *Bank One Tex., N.A. v. United States*, 157 F.3d 397, 402 (5th Cir. 1998). Despite Killingsworth's arguments to the contrary, the limitations period may not be waived because it is jurisdictional. *See Gandy*, 318 F.3d at 637.

The Internal Revenue Code provides that refund claims must be filed within two years "from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates." 26 U.S.C. § 6532(a)(1). This period may be extended by agreement. 26 U.S.C. § 6532(a)(2). However, actions by the IRS after it mails the notification of disallowance will not extend the period. 26 U.S.C. § 6532(a)(4).

Under this law, Killingsworth's original lawsuit was untimely because it was filed after the two-year period. The present lawsuit (his second) was filed even later. Thus, the district court did not err when it concluded that Killingsworth's lawsuit should be dismissed.

Killingsworth raises a few arguments in an attempt to avoid this bar. He contends that he filed a refund claim for only one of the quarters. Nevertheless, the assessment was singular, covering all three quarters, and his challenge to the assessment

4

was viewed as a challenge to the total assessment amount.[1] Killingsworth's other contentions concern his substantive claims, particularly the IRS's determination that he was a responsible person. Because jurisdiction is lacking, we cannot consider these arguments.

For these reasons, we affirm the dismissal of Killingworth's claims.

AFFIRMED.

---

[1]Further, Killingsworth would not be able to maintain his suit without first filing an administrative refund claim. *See* 26 U.S.C. § 7422(a).