# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 27, 2011

No. 10-20854
Summary Calendar

Lyle W. Cayce
Clerk

ALBERT MORRIS,

Plaintiff-Appellant

v.

AMERICAN HOME MORTGAGE SERVICING, INC., (AHMSI); WELLS FARGO BANK, N.A.; CODILIS & STAWIARSKI, P.C.; JACK O'BOYLE & ASSOCIATES; JANSSEN & ASSOCIATES,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-3795

Before KING, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Albert Morris appeals the dismissal of his civil suit for lack of subject matter jurisdiction under the *Rooker-Feldman*[1] doctrine. Morris filed suit against American Home Mortgage Servicing Inc. (AHMSI); Wells Fargo Bank,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The *Rooker–Feldman* doctrine refers to the doctrine derived from two Supreme Court cases, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

NA (Wells Fargo); Codilis & Stawiarski, P.C.; Jack O'Boyle & Associates; and Janssen & Associates (Janssen), alleging that the defendants wrongfully foreclosed on his home and committed various misdeeds in connection with the state court foreclosure proceedings. Before Morris filed suit in federal court, in state court, Wells Fargo and Option One Mortgage Corporation (Option One) had obtained a judgment of foreclosure for Morris's property, and AHMSI had obtained a judgment for writ of possession for the same property.

We review the district court's "application of law de novo and disputed factual findings for clear error." *United States ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 376 (5th Cir. 2009) (internal citations omitted). Findings of fact are not clearly erroneous if they are "plausible in light of the record viewed in its entirety." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

The *Rooker-Feldman* doctrine bars a district court from exercising subject matter jurisdiction in an action it would otherwise be empowered to adjudicate if the federal plaintiff seeks to overturn a state judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). The doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284.

Morris's claims that the foreclosure judgment or writ of possession was unlawful are barred by *Rooker-Feldman* because he is complaining of injuries caused by the state court judgments. *See id.* His claims for, and related to, the allegedly unlawful debt collection practices are also barred by *Rooker-Feldman* because, crucially, the only relief he sought was the setting aside of the state foreclosure judgment and staying of the execution of the writ of possession. This demonstrates that his injuries arose from the state court judgments. *See id.*

As to Morris's argument that *Rooker-Feldman* does not apply because AHMSI was not a party or in privity with a party to the foreclosure judgment,

2

he cites no binding authority to support his contention that the doctrine cannot be invoked by a federal defendant who was not a party or in privity with a party to the state action. *Cf. Lance v. Dennis*, 546 U.S. 459, 465 (2006); *Johnson v. De Grandy*, 512 U.S. 997, 1006 (1994). Moreover, AHMSI was a party to the writ of possession judgment, and Morris has failed to show that the district court's finding that AHMSI was the successor-in-interest to Option One, a party to the foreclosure judgment, was clearly erroneous. *See Anderson*, 470 U.S. at 574.

Morris's argument that the foreclosure judgment would not have been given preclusive effect in state court is waived because he did not raise it in opposition to the motions to dismiss. *See Texas Commercial Energy v. TXU Energy, Inc.*, 413 F.3d 503, 510 (5th Cir. 2005). Any argument by Morris that the district court had subject matter jurisdiction because the parties agreed there was federal jurisdiction in their joint discovery and case management plan is without merit; "Litigants cannot bestow subject matter jurisdiction on federal courts by waiver or consent." *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 802 (5th Cir. 2011).

To the extent that Morris raises the district court's failure to grant him leave to amend his complaint as an issue for appeal, it is waived by virtue of inadequate briefing. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The judgment of the district court is AFFIRMED. AHMSI and Wells Fargo's and Janssen's requests for attorney's fees and costs made in their briefs are DENIED because such requests must be made by a separately filed motion. *See* FED. R. APP. P. 38.