# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-41012
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2014

Lyle W. Cayce
Clerk

SILVERIO B. SALINAS,

Plaintiff-Appellant

v.

U.S. BANK NATIONAL ASSOCIATION, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2007-WF1; BARRETT DAFFIN FRAPPIER TURNER & ENGEL, L.L.P.; WELLS FARGO BANK, N.A.; VICKI HAMMONDS; JUDGE DUNCAN NEBLETT, JR., Individually and in his Official Capacity as Judge in the Justice of the Peace Court, Precinct 4, Nueces County, Texas,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CV-147

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Silverio B. Salinas appeals the dismissal without prejudice of his civil suit, which challenged the foreclosure of his home, for lack of subject matter jurisdiction. He contests the district court's determination

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41012

that it lacked jurisdiction under the *Rooker-Feldman* doctrine[1] and argues that his claims fall within three exceptions to the doctrine, namely, exceptions based on a void judgment, fraud, and a denial of due process.

The *Rooker-Feldman* doctrine bars a district court from exercising subject matter jurisdiction in an action it would otherwise be empowered to adjudicate if the federal plaintiff seeks to overturn a state judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). The doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284.

The record supports that Salinas initiated the instant federal proceedings to attack collaterally and to seek enjoinment of a preexisting state judgment in a forcible detainer suit and writ of possession rendered in favor of U.S. Bank National Association. Salinas's arguments implicate the validity of the state foreclosure judgment, and he seeks legal determinations that would allow him to retain, or reclaim, possession of his home. Because Salinas's present claims arise from the state court proceedings and are "inextricably intertwined" with the state court's judgment–i.e., reversal of the state court's judgment would be a necessary part of the relief requested by Salinas, and the source of his claims is the state judgment and writ of possession–the district court lacked subject matter jurisdiction to review his claims under the *Rooker-Feldman* doctrine. *See Exxon*, 544 U.S. at 291; *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995).

---

[1] The *Rooker–Feldman* doctrine refers to the doctrine derived from two Supreme Court cases, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

No. 13-41012

Moreover, Salinas's contention that his case presents exceptions to the *Rooker-Feldman* doctrine is without merit.  As to his first argument, under some circumstances, a federal court may review the state court record to determine if the judgment is void.  *See United States v. Shepherd*, 23 F.3d 923, 925 (5th Cir. 1994).  A Texas judgment is only void if "the rendering court (1) lacked jurisdiction over the party or his property; (2) lacked jurisdiction over the subject matter of the suit; (3) lacked jurisdiction to enter the particular judgment rendered; or (4) lacked the capacity to act as a court."  *Id.* at 925 n.5.  Salinas's complaint, however, is devoid of any factual allegations that the Texas justice court did not have jurisdiction or the proper capacity to act.

Salinas also relies on a fraud exception to the *Rooker-Feldman* doctrine.  However, "there is no such thing as a 'fraud exception'" to the *Rooker-Feldman* doctrine.  *Truong v. Bank of America, N.A.*, 717 F.3d 377, 384 n.6 (5th Cir. 2013).  Further, Salinas's claims that the state court judgment was procured through fraud are not "independent" and instead are presented for purposes of contesting the parties' rights to foreclose on his property and the implication of those rights for the validity of the state court action.  *See id.* at 384 & n.3.  Finally, Salinas's attempt to place his claims within a due process exception fails, as there is no procedural due process exception to the *Rooker-Feldman* doctrine.  *Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 350 (5th Cir. 2003); *see also Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994).

The judgment of the district court is AFFIRMED.  The request of Defendant-Appellees Barrett Daffin Frappier Turner & Engel, L.L.P. and Vicki Hammonds that this court strike Salinas's appellate brief is DENIED as moot.