# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20393
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

February 6, 2017

Lyle W. Cayce
Clerk

ALBERT MORRIS,

      Plaintiff - Appellant

v.

WELLS FARGO BANK,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-811

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Albert Morris seeks to set aside the foreclosure of the real property located at 54 The Oval St., Sugar Land, Texas 77479 (the "Property") and to restore his possession of the Property, which he lost in prior state court litigation. Morris appeals both the district court's denial of his motion to remand to state court and the district court's dismissal of his claims. Because the *Rooker-Feldman* doctrine forecloses federal subject matter jurisdiction in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20393

this case, we do not address the merits of Morris's claims. Accordingly, we VACATE the district court's judgment and REMAND the case to the district court with instructions to remand to the appropriate Texas state court.

## I. Background

Morris defaulted on his home equity loan in 2005. Wells Fargo and Option One Mortgage Corporation ("Option One") subsequently filed an application to foreclose on the Property. Shortly after a Texas state court granted the foreclosure application in October 2006, Morris filed a separate lawsuit to prevent foreclosure of the Property. The 400th Judicial District Court of Fort Bend County reaffirmed the judgment granting the foreclosure application and dismissed Morris's complaint in May 2008. A foreclosure sale was held on March 3, 2009, and American Home Mortgage Servicing, Inc. ("American Home")[1] won the bid to purchase the Property. A few months later, the Fort Bend County Court at Law No. 4 affirmed an order granting a forcible detainer against Morris and awarded possession of the property to American Home, and on appeal the Houston First District Court of Appeals affirmed the judgment of the County Court. The Property was ultimately conveyed to Wells Fargo through a substitute trustee's deed.

In November 2009, Morris filed a federal lawsuit against American Home and Wells Fargo, among others, challenging the foreclosure sale and seeking to "rescind the March 3, 2009 foreclosure, and set aside the foreclosure." *Morris v. Am. Homes Mortg. Servicing, Inc.*, 2010 WL 3749399, at *2 (S.D. Tex. Sept. 22, 2010) (alteration omitted). Morris claimed, in relevant part, that "[American Home] was not the proper party to foreclose, and Wells Fargo is not the proper party to have title." *Id.* The federal district

---

[1] American Home is the successor in interest to Option One and the servicing agent for Wells Fargo.

court dismissed Morris's claim for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *Id.* at \*3.  On appeal, we affirmed dismissal under the *Rooker-Feldman* doctrine because Morris was "complaining of injuries caused by the state court judgments." *Morris v. Am. Home Mortg. Servicing, Inc.*, 443 F. App'x 22, 24 (5th Cir. 2011) (citation omitted).  Morris subsequently filed a Petition for Bill of Review in state court seeking to set aside the state court decision granting the foreclosure application, but the Petition was dismissed on summary judgment.

Morris filed the present suit against Wells Fargo on February 25, 2015, in Texas state court seeking to "quiet title on his home . . . and to return such Title to Albert Morris' name."  Wells Fargo removed the suit to federal court based on diversity jurisdiction.  The district court denied Morris's motion to remand and subsequently granted Wells Fargo's motion to dismiss Morris's claims.  Morris timely appealed.

## II.  Standard of Review

"The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (citation omitted).  "We review questions of subject matter jurisdiction *de novo.*" *Wagner v. United States*, 545 F.3d 298, 300 (5th Cir. 2008) (quoting *In re Bissonnet Invs. LLC,* 320 F.3d 520, 522 (5th Cir. 2003)).

## III. Discussion

The *Rooker-Feldman* doctrine bars a federal district court from "exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate," *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005), including instances where diversity jurisdiction otherwise exists, *see, e.g., Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 818

(7th Cir. 2010) ("[T]oday no one doubts that [the *Rooker-Feldman* doctrine] is equally applicable to diversity litigation."); *Segler v. Felfam Ltd. P'ship*, 324 F. App'x 742, 743 (10th Cir. 2009) (citing *Noel v. Hall,* 341 F.3d 1148, 1155 (9th Cir.2003)). "Reduced to its essence, the *Rooker–Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments." *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) (quotation marks and citation omitted). The doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284. Although the doctrine "usually applies only when a plaintiff explicitly attacks the validity of a state court's judgment, . . . it can also apply if the plaintiff's federal claims are so inextricably intertwined with a state judgment that the federal court is in essence being called upon to review the state court decision." *Ill. Cent. R.R. Co. v. Guy*, 682 F.3d 381, 390–91 (5th Cir. 2012) (quotation marks and citation omitted).

In Morris's present suit, he again argues that the March 3, 2009 foreclosure sale was invalid, and that he is entitled to possession of the Property. According to Morris, because the foreclosure sale was invalid, "Wells Fargo's deed is ineffective." Morris specifically requests that the court "void the purported foreclosure(s) of [the Property]; . . . annul Wells Fargo's Substitute Trustee Deed[;] . . . [and] return [his] home Title and Possession to him as it was prior to Wells Fargo's void deed cloud." Thus, Morris asks this court to restore the possession of the Property that he lost in the earlier state court litigation, which awarded possession of the Property to American Home following the foreclosure sale. Accordingly, because Morris is complaining of "injuries caused by [a] state-court judgment[]," the district court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Exxon Mobil*, 544

No. 16-20393

U.S. at 284; *see also Salinas v. U.S. Bank Nat'l Ass'n*, 585 F. App'x 866, 867 (5th Cir. 2014) (holding that the district court lacked subject matter jurisdiction over a challenge to a foreclosure where the plaintiff presented claims that were "'inextricably intertwined' with the state court's judgment—i.e., reversal of the state court's judgment would be a necessary part of the relief requested, and the source of his claims is the state judgment of writ of possession").

Moreover, we also note that, similar to Morris's present suit, Morris previously filed a complaint against Wells Fargo in federal court seeking to restore possession of the Property to himself by arguing that "[American Home] was not the proper party to foreclose, and Wells Fargo is not the proper party to have title." *See Morris*, 2010 WL 3749399, at *2. We affirmed the district court's determination that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine because Morris was "complaining of injuries caused by . . . state court judgments." *See Morris*, 443 F. App'x at 24. Consistent with our earlier decision, we hold today that the district court lacked subject matter jurisdiction over Morris's present suit because he is complaining of injuries caused by a state court judgment.

Accordingly, we VACATE the district court's judgment and REMAND the case to the district court with instructions to remand to state court.