Richard MARTINEZ, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 80–5540.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 1981.

Decided Dec. 4, 1981.

Refiled for Publication Feb. 16, 1982.

Paul L. Gabbert, Nasatir, Sherman, Hirsch & Re, Los Angeles, Cal., for plaintiff-appellant.

James F. Miller, Washington, D. C., argued for defendant-appellee; Daniel F. Ross, Anthony Ilardi, Jr., Washington, D. C., on brief.

Before WRIGHT, ANDERSON and SCHROEDER, Circuit Judges.

WRIGHT, Circuit Judge:

In October 1970, the Internal Revenue Services (IRS) assessed Martinez a $120,000 tax under the Marijuana Tax Act, 26 U.S.C. § 4741 et seq.[1] It then levied on $12,100 cash and a car in his possession when local

---

1. This Act was subsequently repealed. *See* Pub.L. 91–513, tit. III, § 1101(b)(3)(A), 84 Stat. 1292 (October 27, 1970).

police arrested him in October on suspicion of theft.

Martinez filed a claim for refund in 1973, which was denied. This suit followed, and the district court granted the government summary judgment. On appeal, Martinez makes several claims, including: (1) that the Marijuana Tax Act is unconstitutional, (2) that the Act was discriminatorily enforced against him, (3) that the IRS could not levy on property that was illegally seized from him by state police, (4) that the levy procedure was an illegal forfeiture, and (5) that the assessment of tax in October was improper under 26 U.S.C. § 6862 relating to jeopardy assessments. We need not reach these claims because we hold that the seizure procedures used were improper and that Martinez is entitled to a return of his property on those grounds.

Section 6331 of the Internal Revenue Code sets forth the procedure the IRS must follow to levy upon a taxpayer's property. Normally, the taxpayer is given notice of any deficiency and a demand for payment is made. If the tax is not paid within ten days, the IRS may levy on any property of the taxpayer. 26 U.S.C. § 6331(a). If the IRS finds that the collection of the tax is in jeopardy, it may demand immediate payment and, upon failure or refusal to pay the tax, levy on the taxpayer's property immediately. *Id.*

■ Whether a jeopardy finding is made or not, the taxpayer must be given notice and an opportunity to fail or refuse to pay the tax. *See Commissioner v. Shapiro,* 424 U.S. 614, 616 and 622 n.7, 96 S.Ct. 1062, 1065 and 1068 n.7, 47 L.Ed.2d 278 (1976). "The conclusion is inescapable from reading [the language of § 6331(a)] that a taxpayer in a jeopardy situation must be given some opportunity, however short, to fail or refuse to pay the tax." *L.O.C. Industries, Inc. v. United States,* 423 F.Supp. 265, 273 (M.D. Tenn.1976). In *Bremson v. United States,* 459 F.Supp. 128, 131 (W.D.Mo.1978), the levy was made minutes after the taxpayer had responded to notice and demand for payment by stating that he would have to consult with his attorney. Nonetheless, he had notice and his statement was construed as refusal to pay. Here, Martinez had neither notice nor an opportunity to fail or refuse to pay.

■ In affidavits, the government alleged that it mailed notice to Martinez. It attached to its affidavit a copy of the letter dated the same day as the levy. At oral argument, however, government counsel conceded that Martinez had not received notice before the levy. Martinez's affidavit also stated that he had received none. The government has never alleged that Martinez was given the necessary opportunity to refuse or fail to pay the tax. The levy and seizure were improper and Martinez is entitled to a return of his property.

■ The IRS presents the novel argument that even if the levy was improper, it may keep Martinez' property because he still owes over $100,000 tax from the October assessment. Under *Lewis v. Reynolds,* 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932), a taxpayer has the burden in a refund suit to prove *overpayment* of tax. Because Martinez cannot prove overpayment, the IRS argues it may offset any refund he is entitled to against his liability. It would follow that, no matter how deliberately the IRS violated its own procedures, the taxpayer would be without a remedy unless the value of property seized exceeded his tax liability.

We disagree. Although styled as a refund suit, Martinez' suit more closely resembles a tort claim for conversion. A refund suit is generally based on an argument between the taxpayer and the IRS about how his tax liability is calculated. Martinez challenges neither the calculation of nor his liability for the tax. He is challenging only the manner in which the government took his property in payment.

This distinction suggests that normal refund rules and case law should not be blindly applied. It may suggest also that another avenue may be open to taxpayers to challenge such takings. We do not decide that here.

**570**

Martinez is entitled to a return of his property. Under proper circumstances, an appellate court may order the district court to enter summary judgment for the nonmoving party. *E.C. Ernst, Inc. v. General Motors Corp.*, 537 F.2d 105 (5th Cir. 1976); *Morgan Guaranty Trust Co. v. Martin*, 466 F.2d 593 (7th Cir. 1972); *Abrams v. Occidental Petroleum Corp.*, 450 F.2d 157 (2nd Cir. 1971) *aff. sub nom Kern County Land Co. v. Occidental Petroleum Corp.*, 411 U.S. 582, 93 S.Ct. 1736, 36 L.Ed.2d 503 (1973). No genuine issue as to material facts exists. We find the circumstances proper here. The district court will enter summary judgment for Martinez in the amount of $16,400.

REVERSED.