BRENDA JAFFE AND PAUL JAFFE, PLAINTIFFS v. DIANE VASILAKOS, A/K/A DIANE C. FILLER, DEFENDANT

No. 8710DC1202

(Filed 5 July 1988)

**Constitutional Law § 26.1— full faith and credit—insufficiency of process in New York—action on default judgment barred in North Carolina**

> Plaintiffs' action upon a default judgment obtained against defendant in New York was properly dismissed on the ground that the default judgment was invalid as a matter of law and not entitled to full faith and credit where a New York process server who tried to serve defendant on three occasions during the Christmas-New Year season did not make a due diligent effort to serve defendant personally before resorting to the "nail and mail" substitute service allowed by New York law.

APPEAL by plaintiffs from *Hamilton, Judge*. Order entered 17 September 1987 in District Court, WAKE County. Heard in the Court of Appeals 14 April 1988.

*Paul Carruth for plaintiff appellants.*

*East Central Community Legal Services, by Gregory C. Malhoit, for defendant appellee.*

PHILLIPS, Judge.

This action upon a default judgment obtained against defendant in New York was dismissed on the ground that the judgment was invalid as a matter of law because defendant was not properly served with process or otherwise notified of the proceeding as New York law requires. Under the Full Faith and Credit Clause of the United States Constitution the judgment of one state must be given the same credit in other states that it has in the state of entry; but the clause applies only to valid judgments, of course, and a judgment obtained without lawful notice to the defendant is not valid anywhere. *Boyles v. Boyles*, 308 N.C. 488, 492, 302 S.E. 2d 790, 793 (1983). The record does not suggest that defendant had actual notice of the proceeding, either by service of process or otherwise, but shows that if she received valid notice it was by a substitute form of process which the trial court concluded was not authorized by the law of New York under the circumstances recorded. The correctness of this determination is the only issue before us.

The. record indicates that: When the action was brought in December, 1984 defendant was a resident of Westchester County, New York; a process server tried to serve defendant at her residence, which was also her place of business, on three different occasions — on 22 December 1984 at 10:05 a.m., on 31 December 1984 at 6:05 p.m., and on 2 January 1985 at 3:40 p.m. — but no one was there and he then posted a copy of the summons and complaint on the residence door and mailed duplicates to the residence address, which were not returned to him undelivered; several months later the court mailed a notice of default to defendant's address and it was not returned undelivered; defendant was out of the state from 25 December 1984 until mid-January, 1985, and when she returned home the suit papers were not on her door and she did not receive either the mailing by the process server or by the court; defendant moved to North Carolina in August, 1985 and did not learn about the proceeding until March, 1987 when plaintiffs' counsel contacted her about paying the judgment.

The law of New York applicable to the foregoing facts is plain. It authorizes the substitute process which the process server employed, but only after a due diligent effort is made to serve the defendant personally. With respect to this process,

*Jaffe v. Vasilakos*

known by the profession as "nail and mail," New York Civil Practice Law and Rule 308(4) provides, in substance, that: When in the exercise of "due diligence" personal service upon a natural person cannot be made in that State, either by delivering the summons to the person or by delivering it to a person of suitable age and discretion at the defendant's actual place of business or usual place of abode, service can be accomplished "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by mailing the summons to such person at his last known residence." In many cases involving such service the New York courts have held that the "due diligence" requirement must be met before the substitute service is undertaken, and if it is not the substitute service is invalid in the absence of actual notice by some other means. *Smith v. Wilson*, 515 N.Y.S. 2d 146 (A.D. 3 Dept. 1987). Thus, the court's ruling as a matter of law—that the process server did not make a due diligent effort to personally serve defendant in one of the two ways authorized before resorting to the "nail and mail" substitute—is correct and we affirm it. For though the process server tried to serve defendant personally on three different occasions, all were during the Christmas-New Year's season when people are not usually at their businesses and homes, and he resorted to the "nail and mail" substitute without attempting to ascertain either where defendant was or when she would return, which he perhaps could have done either by telephoning defendant's business or residence at times when someone was likely to be there or by questioning her neighbors. In a similar case the New York court reached the same result, saying that "[s]uch a flawed effort to effect personal service constitutes a lack of due diligence as a matter of law." *Pacamor Bearings, Inc. v. Foley*, 460 N.Y.S. 2d 662, 664 (A.D. 1983).

Affirmed.

Judges JOHNSON and SMITH concur.