**Gordon E. POWELSON, personal representative of the estate of Clydena M. Gross, Plaintiff–Appellant,**

**v.**

**UNITED STATES of America, acting by and through its SECRETARY OF THE TREASURY; IRS, Defendants–Appellees.**

**Gordon E. POWELSON, an individual; Chicago Title Insurance Company of Oregon, an Oregon corporation, Plaintiffs–Appellants,**

**v.**

**UNITED STATES of America, acting by and through its SECRETARY OF THE TREASURY and its Internal Revenue Service, Defendant–Appellee.**

**Nos. 89–35736, 90–35005.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 1990.

Memorandum Filed Aug. 30, 1991.

Memorandum Withdrawn May 10, 1992.

Submission Withdrawn and Resubmitted May 1, 1992.

Decided May 11, 1992.

As Amended Oct. 23, 1992.

As Amended on Denial of Rehearing and Rehearing En Banc Dec. 8, 1992.

---

Roy B. Thompson, Roy B. Thompson, PC, Portland, Or., for plaintiffs-appellants.

Shirley D. Peterson, Acting Asst. Atty. Gen., U.S. Dept. of Justice, Washington, D.C., for defendants-appellees.

## ORDER AND AMENDED OPINION

Before WRIGHT, POOLE and THOMPSON, Circuit Judges.

### ORDER

The opinion filed October 23, 1992, slip op. 12783–96, is amended as follows:

[Editor's Note: Opinion Amended for Publication.]

The panel, as constituted above, has unanimously voted to deny the petition for rehearing. Judges Poole and Thompson have voted to reject the suggestion for rehearing en banc, and Judge Wright so recommends.

The full court has been advised of the suggestion for en banc rehearing and no judge of the court has requested a vote on the suggestion for rehearing en banc. Fed. R.App.P. 35(b).

The petition for rehearing is denied and the suggestion for a rehearing en banc is rejected.

DAVID R. THOMPSON, Circuit Judge:

Appellant Gordon E. Powelson sued the government in the district court in Oregon, seeking a refund of federal estate taxes under 26 U.S.C. § 7422. Powelson argued that the Internal Revenue Service (IRS) improperly seized and sold his property to satisfy the tax liability of his mother's estate without first complying with the mandatory notice requirements of 26 U.S.C. § 6335(b). After satisfying the estate's tax liability, the IRS remitted the excess proceeds of the sale to Powelson.

Powelson also filed an action in the district court for a declaratory judgment and to quiet title to the property. He sought to have the sale set aside and the property returned to him. In that action he asserted substantially the same facts and contentions he had asserted in the refund action.[1]

The district court granted summary judgment in favor of the government in the refund action and dismissed the declaratory judgment and quiet title action for lack of subject matter jurisdiction. Powelson appeals. We have jurisdiction under 28 U.S.C. § 1291. We reverse the district court's grant of summary judgment in the refund action, and remand that action to the district court for further proceedings. We affirm the district court's dismissal of the declaratory judgment and quiet title action.

## DISCUSSION

### A. The Refund Action

█ Under 26 U.S.C. § 6335(b), a taxpayer must be notified of the sale of his property in the manner prescribed by 26 U.S.C. § 6335(a). Section 6335(a) provides:

(a) **Notice of seizure.**—As soon as practicable after seizure of property, notice in writing shall be given by the Secretary to the owner of the property (or, in the case of personal property, the possessor thereof), or shall be left at his usual place of abode or business if he has such within the internal revenue district

where the seizure is made. If the owner cannot be readily located, or has no dwelling or place of business within such district, the notice may be mailed to his last known address. Such notice shall specify the sum demanded and shall contain, in the case of personal property, an account of the property seized and, in the case of real property, a description with reasonable certainty of the property seized.

26 U.S.C. § 6335(a). "[T]he language and purpose of § 6335(a) and § 6335(b) require that the government be held accountable for failure to strictly comply with the procedures prescribed by the two provisions." *Goodwin v. United States*, 935 F.2d 1061, 1065 (9th Cir.1991). "[A]bsent literal compliance with [these] provisions, the government sale of land cannot stand." *Reece v. Scoggins*, 506 F.2d 967, 971 (5th Cir.1975).

It is undisputed that two IRS agents went to Powelson's residence to serve him with notice of the sale of his property. The agents had been to Powelson's residence before and knew he lived there. Powelson was not at home. The agents returned to their office without leaving the notice. The IRS made no further attempt to personally serve Powelson with notice of the sale. Instead, it mailed the notice to him by both regular and certified mail. Powelson received this notice.

The IRS contends giving Powelson notice by mail was permissible under sections 6335(a) and (b) because he could not be readily located for personal service. Powelson argues the government's contention is foreclosed by our decision in *Goodwin*.

In *Goodwin*, two IRS agents went to the property owner's residence and attempted to serve him personally with notice of the levy and seizure of his property. "[He] was not there so they mailed the notice by certified mail." *Goodwin*, 935 F.2d at 1063. The property owner received the notice a few days later. Notice of sale was later "posted," and when no bidders ap-

---

1. Powelson filed the refund action on behalf of his mother's estate, in his capacity as the estate's representative. He filed the declaratory judg-

ment and quiet title action in his individual capacity as a distributee of the estate.

peared at the sale, the property was sold to the government for the minimum bid.

When the government sought to resell the property, the property owner sued to enjoin the sale. The government argued that because the property owner had received actual notice of the seizure and sale of his property, he had suffered no prejudice and could not object to what was at most "de minimis noncompliance" with section 6335. *Id.* at 1064. We rejected that argument and held that strict compliance with the statute was required. *Id.* at 1065. The property owner had not been personally served with the notices under 26 U.S.C. §§ 6335(a) and (b), and although he had a dwelling within the internal revenue district where the seizure was made, the government had not left the notice there as authorized by the statute.

The government in *Goodwin* did not argue that service by mail was permissible because the property owner could not be readily located. Here, it does. It contends that the IRS's unsuccessful attempt to serve Powelson at his home established that he could not be readily located for personal service, and therefore service by mail was permissible under the statute.

We reject the government's argument, because it has not shown that the IRS made a reasonable attempt to personally serve Powelson. The IRS tried once to serve Powelson at his residence. He wasn't there, so the IRS agents simply left. The agents did not leave the notice at Powelson's residence, which would have satisfied the notice requirement of 26 U.S.C. § 6335(a). They did not leave a card asking Powelson to contact them, nor did they make any attempt to reach him by telephone, nor did they try again to serve him. Even under the arguably low "readily located" standard of the statute, the IRS's lone attempt at personal service was perfunctory at best. It did not establish that

Powelson could not be readily located for personal service.[2]

■ Although the IRS has a number of options for giving notice to the property owner under 26 U.S.C. §§ 6335(a) and (b), strict compliance with the statute is required. If the IRS wishes to give notice by mail, it must satisfy the statutory pre-conditions for doing so. Here, the IRS did not satisfy these conditions.

■ The government relies on *Van Antwerp v. United States*, 92 F.2d 871, 873 (9th Cir.1937), in arguing that even if Powelson's taxes were illegally collected, he is not entitled to a refund under section 7422 because he has not shown any overpayment of taxes. In *Van Antwerp*, the taxpayer sought a refund of money seized from his bank account to satisfy his tax liability based on the IRS's failure to provide him with adequate notice of the deficiency. In holding that the taxpayer was not entitled to a refund, we stated that "[a] taxpayer must show, in an action for refund of taxes illegally collected, that he does not owe the tax. We hold this to be true regardless of the legality of the Commissioner's action in collecting the alleged deficiency...." *Id.* at 873.

In *Martinez v. United States*, 669 F.2d 568, 569 (9th Cir.1981), however, we recognized an exception to the general rule discussed in *Van Antwerp* when the taxpayer's action more closely resembles a tort claim for conversion than a traditional refund action. There, the taxpayer sought a refund of money and property which the IRS had seized and sold to satisfy his tax liability. Although the taxpayer admitted owing the taxes, he argued that the IRS failed to provide him with sufficient notice before seizing his property. After recognizing that a refund would ordinarily not be allowed in such a situation, we nevertheless held that a refund was warranted be-

---

**2.** The parties do not argue, nor do we decide, whether the efforts required of the IRS under section 6335 must rise to the level of "due diligence" required under various state statutes authorizing substituted service of process when a party cannot be located. *See, e.g., Jaffe v. Vasilakos,* 90 N.C.App. 662, 369 S.E.2d 640 (1988);

(plaintiff must exercise due diligence in attempting to locate defendant before substituted service is allowed); *Carlson v. Bos,* 740 P.2d 1269 (Utah 1987) (same); *PacAmOr Bearings, Inc. v. Foley,* 92 A.D.2d 959, 460 N.Y.S.2d 662 (1983) (same).

cause the taxpayer was "challenging only the manner in which the government took his property," and not the amount of his tax liability. *Id.* at 569.

*Martinez* and *Van Antwerp* are not irreconcilable. In *Van Antwerp* we were never presented with, nor did we consider, the possibility that an exception to the overpayment requirement in refund actions could exist based on the nature of the action itself. Having considered that argument for the first time in *Martinez,* we held that a refund may be obtained, even when the taxpayer has shown no overpayment, if his action so closely resembles an action for tortious conversion that to deny relief would be inequitable. We conclude these two cases are sufficiently dissimilar that en banc review is unnecessary. *Cf. United States v. Hardesty,* 977 F.2d 1347, 1348 (9th Cir.1992) (en banc) (per curiam) (en banc review required " 'unless the prior decisions [alleged to be in conflict] can be distinguished.' ") (quoting *Atonio v. Wards Cove Packing Co.,* 810 F.2d 1477, 1479 (9th Cir.1987) (en banc), *cert. denied,* 485 U.S. 989, 108 S.Ct. 1293, 99 L.Ed.2d 503 (1988)).

Powelson does not challenge the calculation of his tax liability. Instead, he challenges the process by which the IRS collected his taxes and seeks a return of his real property which was sold to satisfy this liability. Whether his claim is sufficiently analogous to a tort action for wrongful conversion under *Martinez,* or whether his claim is for a refund to which he is not entitled under *Van Antwerp,* or whether there may be other impediments to his recovery are all questions best left to the district court for its initial determination on remand.

## B. Declaratory Judgment and Quiet Title Action

In the declaratory judgment and quiet title action, Powelson and Chicago Title Insurance Company of Oregon sought to have the government's resale of the property set aside, the purchase price refunded to the buyer, and the property returned to Powelson. The gravamen of these claims, as in the refund action, is the assertion that the government's seizure and sale of the property was wrongful.

■ The declaratory judgment action is barred by the terms of 28 U.S.C. § 2201. While this section gives the district court jurisdiction over cases seeking declaratory relief, disputes "with respect to Federal taxes" are excluded. Because the declaratory judgment action involves federal taxes, the district court did not have subject matter jurisdiction over this claim. *Hughes v. United States,* 953 F.2d 531, 536–37 (9th Cir.1992).

■ Nor may the quiet title action be maintained. The asserted basis for subject matter jurisdiction over this action is 28 U.S.C. § 2410. Section 2410(a) provides that the United States may be named as a party in an action to quiet title to real property on which the United States has or claims a mortgage or other lien. 28 U.S.C. § 2410(a). However, as we stated in *Elias v. Connett,* 908 F.2d 521, 527 (9th Cir. 1990), "[a] taxpayer may not use a section 2410 action to collaterally attack the merits of an assessment." To the extent the quiet title action challenges the merits of the assessment, jurisdiction is lacking under section 2410. *Hughes,* 953 F.2d at 538. Moreover, the government held no interest in the property when the quiet title action was filed. For this reason, jurisdiction was also lacking. *Id.; cf. Kulawy v. United States,* 917 F.2d 729, 733–34 (2d Cir.1990) (court had jurisdiction under section 2410 where government still had lien on property at the time suit was commenced, even though the property had been sold).

## CONCLUSION

We reverse the grant of summary judgment against Powelson in his refund action. We remand the refund action to the district court to determine what, if anything, Powelson may be able to recover on that claim.

We affirm the district court's dismissal of Powelson's and Chicago Title's declaratory judgment and quiet title actions. The district court lacked subject matter jurisdiction of these claims.

AFFIRMED in part, REVERSED in part, and REMANDED to the district court. Each party will bear its own costs on appeal in these consolidated appeals.[3]

---

3. Powelson and Chicago Title raise a number of other challenges to the seizure and sale of the property. In view of our resolution of these appeals, we do not address these additional challenges.