54 F.3d 786
 75 A.F.T.R.2d 95-2225, 95-1 USTC P
50,316, 95-1 USTC P 60,201
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gordon E. POWELSON as Personal Representative of the Estate
of Clydena M. Gross, Deceased, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-35809.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 1, 1995.*
Decided May 17, 1995.
 
 Before: BROWNING, REAVLEY,** and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Gordon Powelson, in his capacity as personal representative of the estate of Clydena Gross, appeals a summary judgment entered against him. Powelson individually and Chicago Title Insurance Company also complain that the district court erred in refusing to allow certain claims to be reasserted, by reinstating them or allowing intervention to assert them. We affirm.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 On July 29, 1980, Clydena Gross died testate. She owned certain real estate on which a restaurant was located. Gordon Powelson was named as the personal representative of the estate and was also the primary beneficiary of the estate. In 1981, the government assessed estate taxes due of about $147,000. An estate tax return was filed but no taxes were paid. A state probate court ordered the property distributed to Powelson "subject to all taxes and liabilities which have accrued since July 29, 1980."
 
 
 4
 Powelson received numerous notices from the IRS regarding the estate taxes. Among them, on June 12, 1987, the government sent Powelson a notice of estate tax due and demanded payment by June 22, 1987. On July 1, 1987 Powelson was served with a statement of levy and a notice of seizure of the property. On February 5, 1988 Powelson was served with a notice of intention to levy, and on February 16 he was served with a notice of levy and a notice of seizure of the property. On March 9, 1988 Powelson was served with a "seizure and sale worksheet."
 
 
 5
 On March 23, 1988, two government representatives attempted to personally serve Powelson with a notice of sale at his home. Unable to locate him, the government then mailed him a copy of the notice of sale. On April 21, 1988, the bids were opened and the property was sold to Chicago Title Insurance Company. Powelson received actual notice of the sale through the mail, and attended the closing. The price bid for the property exceeded the estate tax liability, and the difference was remitted to Powelson. Powelson does not complain that the IRS miscalculated the amount of the taxes or collected excess taxes. He complains instead that he did not receive proper notice.
 
 
 6
 On August 21, 1987, Powelson as representative of the estate brought a declaratory judgment suit claiming that the IRS had failed to give proper notice of intent to levy. The district court eventually dismissed this complaint, ruling that the estate had an adequate remedy at law, through a refund action, and allowed an amended complaint to proceed only insofar as it sought-a refund. On May 11, 1989, Powelson in his individual capacity and Chicago Title filed a separate suit, seeking declaratory relief and seeking an order quieting title to the property. The court dismissed this suit for lack of jurisdiction. The district court also dismissed the first suit by summary judgment. The dismissal of both suits were appealed and consolidated. This court held that the district court properly dismissed the declaratory judgment and quiet title claims. It reversed the summary judgment on the refund claim and remanded for further proceedings. Powelson v. United States, 979 F.2d 141 (9th Cir. 1992), cert. denied, 113 S. Ct. 1844 (1993).
 
 
 7
 On remand the parties moved for summary judgment on the refund claim. Powelson and Chicago Title also sought to resurrect the quiet title and declaratory judgment claims. Powelson and Chicago Title sought to intervene to assert these claims; Powelson sought to "reinstate" the quiet title claim. The court granted summary judgment for the government on the refund claim, and refused to reconsider the other claims.
 
 DISCUSSION
 A. Refund Claim
 
 8
 As a general rule a taxpayer cannot recover a refund if he does not show that an overpayment was made. Here the taxpayer does not claim an overpayment, only a procedural irregularity in the notice he received. In Lewis v. Reynolds, 284 U.S. 281, 283 (1932), the Court held:
 
 
 9
 An overpayment must appear before refund is authorized. Although the statute of limitations may have barred the assessment and collection of any additional sum, it does not obliterate the right of the United States to retain payments already received when they do not exceed that amount which might have been properly assessed and demanded.
 
 
 10
 Following this precedent, the Ninth Circuit held in Van Antwerp v. United States, 92 F.2d 871, 873 (9th Cir. 1937), an inadequate notice case, that:
 
 
 11
 [T]he taxpayer must show, in an action for refund of taxes illegally collected, that he does not owe the tax. We hold this to be true regardless of the legality of the Commissioner's action in collecting the alleged deficiency without sending the deficiency notice ....
 
 
 12
 However, an exception to this general rule was recognized in Martinez v. United States, 669 F. 2d 568 (9th Cir. 1981). There, cash and property of the plaintiff was seized under the now-repealed Marijuana Tax Act. In Martinez, the plaintiff received no notice whatsoever of the government's intent to levy on the property before it was seized. In such circumstances we held that the action could be viewed as more closely resembling "a tort action for conversion" than a refund action. The court explained:
 
 
 13
 Whether a jeopardy finding is made or not, the taxpayer must be given notice and an opportunity to fail or refuse to pay the tax. "The conclusion is inescapable from reading [the language of Sec. 6331(a)] that a taxpayer in a jeopardy situation must be given some opportunity, however short, to fail or refuse to pay the tax." In Bremson v. United States ... the levy was made minutes after the taxpayer had responded to notice and demand for payment by stating that he would have to consult with his attorney. Nonetheless, he had notice and his statement was construed as refusal to pay. Here, Martinez had neither notice nor an opportunity to fail or refuse to pay.... [G]overnment counsel conceded that Martinez had not received notice before the levy. Martinez's affidavit also stated that he had received none. The government has never alleged that Martinez was given the necessary opportunity to refuse or fail to pay the tax.
 
 
 14
 Id. at 569 (citations omitted).
 
 
 15
 In the first appeal, we concluded that a proper notice of sale had not been given under 26 U.S.C. Sec. 6335(b), because the government did not make a reasonable attempt to locate Powelson personally before serving him with the notice by mail. We held that the single attempt to serve him personally on March 23, 1988 was insufficient. We were then faced with reconciling Van Antwerp and Martinez. We concluded that the two were not inconsistent, and that a refund action can be sustained under the latter case if the claim is "sufficiently analogous to a tort action for wrongful conversion." 979 F.2d at 145. We held that a remand was appropriate to allow the district court to resolve this issue in the first instance.
 
 
 16
 The district court did as we asked, and concluded that this case was not closely analogous to a wrongful conversion case. The court correctly reasoned that in our case Powelson had received notice of the tax liability and the government's intention to levy on the property numerous times before the sale. There is no dispute that he received actual notice of the intended sale and was at the closing. We agree with the district court that Martinez is distinguishable on its facts and that the refund claim therefore fails.
 
 B. Other Claims
 
 17
 Powelson and Chicago Title complain that the district court erred in rejecting their claims for quiet title and declaratory judgment relief. The district court denied a motion by Powelson to "reinstate" these claims, and also denied a motion by Powelson in his individual capacity and Chicago Title to intervene so as to assert these claims. On appeal the parties make numerous arguments regarding the merits of these claims.
 
 
 18
 We conclude that the law of the case doctrine is applicable here. In the first appeal we addressed both the denial of the refund claim asserted in the first suit and the dismissal of the quiet title and declaratory judgment claims asserted in the second suit. We rejected the declaratory judgment claim because such claims were barred by 28 U.S.C. Sec. 2201. We rejected the quiet title claim because jurisdiction was lacking. Powelson, 979 F.2d at 143, 145.
 
 
 19
 Powelson and Chicago Title are in effect asking us to overrule a prior panel in this very matter. We decline to do so. Under the law of the case doctrine, "one panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case." Kimball v. Callahan, 590 F.2d 768, 771 (9th Cir.), cert. denied, 444 U.S. 826 (1979). See also Thomas v. Bible, 983 F.2d 152, 154 (9th Cir.), cert. denied, 113 S. Ct. 2443 (1993); Merritt v. Mackey, 932 F.2d 1317, 1321 (9th Cir. 1991). While certain exceptions to the doctrine have been noted, such as a change in controlling authority, appellants fail to offer a compelling reason that this panel should not adhere to the prior panel's rulings.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3