United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30978
Conference Calendar

NAOMI SANDRES,

Plaintiff-Appellant,

versus

STATE OFFICE OF GENERAL COUNSEL; CHARLES C. FOTI, Jr.,
Office of the Attorney General for the State of Louisiana;
LOUISIANA PSYCHIATRIC CLINIC; JERRY SANDERS; ROBERT CHRISTOPHER
FRUGE; ROSE WOODEN,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03-CV-712
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:*

Naomi Sandres appeals the dismissal of her lawsuit, alleging
that, in connection with a previous lawsuit, Robert Christopher
Fruge of the State Office of General Counsel, Rose Wooden of the
Office of the Attorney General, and Dr. Jerry Sanders of the
Louisiana Psychiatric Clinic obtained copies of her medical
records without her consent and refused to give her copies of
those records in violation of certain federal and state discovery

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rules.  The district court granted Wooden's and Fruge's summary judgment motions and dismissed Sandres's claims against them because, inter alia, her claims against them were barred by res judicata.  The district court dismissed her claims against the remaining defendants without prejudice because, as to some defendants, no responsive pleadings had been filed and no default had been entered, and, as to other defendants, service of process was never effectuated.

Failure to identify an error in the district court's analysis is the same as if the appellant had not appealed the judgment.  Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  Because Sandres has failed to identify any error regarding the district court's reasons for granting Wooden's and Fruge's summary judgment motions and for dismissing the remaining defendants from the lawsuit without prejudice, she has failed to brief the issues for appeal adequately.  See id.; see also Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Sandres's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed.  See 5TH CIR. R. 42.2.  Sandres has previously been warned not to file frivolous appeals.  See Sandres v. State Office of General Counsel, No. 04-30864 (5th Cir. June 21, 2005).  Because Sandres continues to file frivolous appeals, it is ordered that she now

pay sanctions in the amount of $250, payable to the clerk of this court. The clerk of this court and the clerks of all federal district courts within this circuit are directed to refuse to file any civil complaint or appeal by Sandres unless she submits proof of satisfaction of this sanction. If Sandres attempts to file any further notices of appeal or original proceedings in this court without such proof, the clerk will docket them for administrative purposes only. Any other submissions which do not show proof that the sanction has been paid will neither be addressed nor acknowledged. Because Sandres's lawsuit has been dismissed, her motion for leave to amend her complaint is denied as moot.

APPEAL DISMISSED; MOTION DENIED AS MOOT; SANCTION IMPOSED.