# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-11119

QUI P. WAGNER

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA; DEPARTMENT OF
TREASURY; INTERNAL REVENUE SERVICE

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas

Before DAVIS, CLEMENT, and ELROD, Circuit Judges.

DAVIS, Circuit Judge:

Plaintiff-Appellant Qui Wagner appeals the district court's grant of summary judgment in favor of the Defendant-Appellee, the United States of America, on her sole claim for a return of funds allegedly wrongfully levied by the government. Because the district court lacked subject matter jurisdiction to hear the suit, we vacate the district court's judgment and dismiss the suit for lack of subject matter jurisdiction.

I.

The relevant facts are not in dispute. Qui Wagner was married to Frederick Wagner until June 20, 2003, when a Final Decree of Divorce was entered in Tarrant County, Texas. As part of the Final Decree, Ms. Wagner was

awarded all net proceeds from the sale of the marital residence in Colleyville, Texas. Ms. Wagner did not separately record the divorce decree in the deed records of Tarrant County.

On June 2, 2004, the Internal Revenue Service (1) assessed taxes against Mr. Wagner individually pursuant to I.R.C. § 6672 and (2) filed a notice of tax lien against Mr. Wagner in Tarrant County, Texas. In either February or March of 2006, Ms. Wagner attempted to sell the house, but the IRS refused to release the tax lien and issue a certificate of discharge unless and until Ms. Wagner agreed to pay the IRS Mr. Wagner's community interest in the home equity from the sale of the property. On March 6, 2006, Ms. Wagner paid the IRS $35,409.63 from the sale proceeds. On the same day, the IRS acknowledged, by letter, receipt of the $35,409.63 check and informed Ms. Wagner that the certificate of discharge would not be distributed until she paid the full amount of Mr. Wagner's interest, including the additional amount of $3,515.00. By letter dated April 4, 2006, the IRS informed her that, because it had not received the amount of $3,515.00 as set out in the March 6 letter, "the application for a Certificate of Discharge is being closed without the issuance of the certificate." In September of 2006, Ms. Wagner sought a refund from the IRS, but the IRS denied the request in October.

On November 8, 2006, Ms. Wagner filed the instant suit against the United States in the district court, alleging subject matter jurisdiction under 28 U.S.C. § 1346(a) and asserting three claims: wrongful levy, pursuant to I.R.C. § 7426, in the amount of $35,409.63; pre-judgment interest on that amount, pursuant to I.R.C. § 7426(g); and attorney's fees and costs, pursuant to I.R.C. § 7430.

In July 2007, the government filed the motion for summary judgment at issue in Ms. Wagner's appeal, arguing that Ms. Wagner had failed to state a claim upon which relief may be granted, based upon this Court's opinions in

Prewitt v. United States, 792 F.2d 1353 (5th Cir. 1986), and United States v. Creamer Industries, Inc., 349 F.2d 625 (5th Cir. 1965). In opposition, Ms. Wagner argued that other circuits have rejected Prewitt and Creamer based on United States v. National Bank of Commerce, 472 U.S. 713 (1985), which was decided before Prewitt but was not cited therein. The district court held a telephone conference with the parties on August 27, 2007, during which the court agreed with the government and held, consistent with Prewitt, that the tax lien had priority over the unrecorded divorce decree. Accordingly, the district court granted the government's motion for summary judgment in a final judgment dated August 27, 2007.

Ms. Wagner appeals that judgment, arguing only that we should overturn Prewitt. The government argues that the district court's opinion was substantively correct but argues, for the first time on appeal, that the district court lacked subject matter jurisdiction over the dispute. We requested additional briefing from the parties on the issue of subject matter jurisdiction. Both parties having submitted their briefs on that point, we now find that the district court indeed lacked subject matter jurisdiction to hear Ms. Wagner's sole claim.

## II.

"We review questions of subject matter jurisdiction de novo." In re Bissonnet Investments LLC, 320 F.3d 520, 522 (5th Cir. 2003) (citing Lundeen v. Mineta, 291 F.3d 300, 303 (5th Cir. 2002)).

## III.

In its original brief in opposition, the government asserted that the district court was otherwise substantively correct but lacked subject matter jurisdiction to render judgment, for the following reasons: (a) the IRS had not levied upon the property in question, so the district court lacked jurisdiction for a wrongful levy action under I.R.C. § 7426; (b) the IRS never issued Ms. Wagner a certificate

of discharge of the property subject to the lien, so the district court lacked jurisdiction to hear a substitution-of-value refund clam under I.R.C. § 7426(a)(4); and (c) Ms. Wagner did not pay the outstanding tax liability in full, so the district court lacked jurisdiction to hear a refund claim, assuming one could be viable, under 28 U.S.C. § 1346(a)(1).

In addition to the complaint's assertions noted above, Ms. Wagner now specifically argues, in her brief on jurisdiction, that the district court had subject matter jurisdiction under I.R.C. § 7426(a)(4). Taking into account the complaint's alleged wrongful levy cause of action; Ms. Wagner's current argument that jurisdiction exists under I.R.C. § 7426(a)(4); and the complaint's stated basis for jurisdiction under 28 U.S.C. § 1346(a), each of the government's arguments must be addressed by this court. If the district court had subject matter jurisdiction under any one of those three bases—or any other basis—to hear her suit, then we may address the merits of her appeal. Otherwise, we must dismiss the suit for lack of subject matter jurisdiction.

As an initial matter, the government argues that the complaint's assertion of jurisdiction under 28 U.S.C. § 1346(a) is improper if the complaint asserts a true wrongful levy claim because § 1346(a) relates only to tax-refund suits. Instead, jurisdiction for the wrongful levy claim must be found, if at all, under § 1346(e).[1] While that is apparently true, we will examine generally whether the

---

[1] Section 1346 provides, in relevant part:

(a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws; . . . .

(e) The district courts shall have original jurisdiction of any civil action against the United States provided in section 6226, 6228(a), 7426, or 7428 (in the case of the United States district court for the District of Columbia) or section 7429

district court had subject matter jurisdiction to hear the case, whatever the precise statutory basis.

The government properly reiterates that suits against the government are controlled by general principles of sovereign immunity, citing, inter alia, United States Department of Energy v. Ohio, 503 U.S. 607 (1992).

> We start with a common rule, with which we presume congressional familiarity, that any waiver of the National Government's sovereign immunity must be unequivocal. Waivers of immunity must be construed strictly in favor of the sovereign, and not enlarged beyond what the language requires.

Id. at 615 (citations, internal quotation marks, and textual modifications omitted). Section 1346(a)(1) and (e) constitute waivers of sovereign immunity. See United States v. Williams, 514 U.S. 527, 531 (1995) (discussing § 1346(a)(1)); United States v. Wingfield, 822 F.2d 1466, 1471 (10th Cir. 1987) ("Congress has specifically waived sovereign immunity for actions under § 7426 through the enactment of 28 U.S.C. § 1346(e).").

The permitted causes of action against the United States by a taxpayer (here, Mr. Wagner) or a third party (here, Ms. Wagner) are found in I.R.C. § 7421, et seq. Specifically, for suits by third parties ("persons other than taxpayers"), the relevant statute is I.R.C. § 7426, which "constitutes a waiver by the United States of its sovereign immunity to suit." Baddour, Inc. v. United States, 802 F.2d 801, 804 (5th Cir. 1986). Section 7426(a) provides four causes of action, two of which are potentially relevant to this case:

> (a) Actions permitted.--
>
> (1) Wrongful levy.--If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that

---

of the Internal Revenue Code of 1986.

Id.

such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary. . . .

(4) Substitution of value.--If a certificate of discharge is issued to any person under section 6325(b)(4) with respect to any property, such person may, within 120 days after the day on which such certificate is issued, bring a civil action against the United States in a district court of the United States for a determination of whether the value of the interest of the United States (if any) in such property is less than the value determined by the Secretary. No other action may be brought by such person for such a determination.

Id.

### III.A.

The government first argues that the district court lacked subject matter jurisdiction to hear Ms. Wagner's stated wrongful levy claim because she failed to satisfy the requirements to bring such a claim under § 7426(a)(1). "In order to state a cause of action under this provision, the plaintiff must show: (1) that a levy has been filed against property in plaintiff's hands, (2) that plaintiff has an interest in or a lien on the property which is senior to the interest of the United States, and (3) that the levy was wrongful." Texas Commerce Bank-Fort Worth, N.A. v. United States, 896 F.2d 152, 156 (5th Cir. 1990). Naturally, "[i]f the Government has not levied on property . . . the owner cannot challenge such a levy under 26 U.S.C. § 7426." Williams, 514 U.S. at 536.

The government points out that no levy was ever filed against the property in this case. Indeed, Ms. Wagner has presented no evidence to that effect. See I.R.C. § 6331(b) ("The term 'levy' as used in this title includes the power of distraint and seizure by any means. . . ."); EC Term of Years Trust v. United States, 127 S. Ct. 1763, 1765 (2007) ("'A federal tax lien, however, is not self-executing,' and the IRS must take '[a]ffirmative action . . . to enforce

collection of the unpaid taxes.'" (quoting United States v. National Bank of Commerce, 472 U.S. 713, 720 (1985))).

In this case, the government filed a lien and nothing else. This court's opinion in Interfirst Bank Dallas, N.A. v. United States, 769 F.2d 299, 304 (5th Cir. 1985), suggests that nothing short of an actual levy is enough to satisfy § 7426(a)(1). In Interfirst, we examined the difference between a threatened lien and a levy, but the Interfirst rationale retains its force with respect to an actual lien in light of the major differences between a levy and a lien, as summarized by the Ninth Circuit:

> A levy forces debtors to relinquish their property. It operates as a seizure by the IRS to collect delinquent income taxes. See American Acceptance Corp. v. Glendora Better Builders, Inc., 550 F.2d 1220, 1223 (9th Cir.1977); see also Interfirst Bank Dallas, N.A. v. United States, 769 F.2d 299, 304-05 (5th Cir.1985), cert. denied, 475 U.S. 1081, 106 S.Ct. 1458, 89 L. Ed. 2d 716 (1986); Chevron, U.S.A., Inc. v. United States, 705 F.2d 1487, 1489-90 (9th Cir.1983) (levy operates as a seizure). The IRS's levying power is limited because a levy is an immediate seizure not requiring judicial intervention. See National Bank of Commerce, 472 U.S. at 720-21, 105 S.Ct. at 2924-25. A levy connotes compulsion or a forcible means of extracting taxes from "a recalcitrant taxpayer." Interfirst Bank, 769 F.2d at 305. A taxpayer subject to an IRS levy is provided certain protections such as notice and an opportunity to pay the taxes due before the seizure. National Bank of Commerce, 472 U.S. at 720-21, 105 S.Ct. at 2924-25; Interfirst Bank, 769 F.2d at 305; Martinez v. United States, 669 F.2d 568, 569 (9th Cir.1981).
>
> A lien, however, is merely a security interest and does not involve the immediate seizure of property. A lien enables the taxpayer to maintain possession of protected property while allowing the government to preserve its claim should the status of property later change. If, for instance, the debtor later sells his exempt personal property for cash, the IRS would be entitled to obtain such proceeds.

United States v. Barbier, 896 F.2d 377, 379 (9th Cir. 1990). Because the property in this case was subject only to a lien, not a levy, the district court had no jurisdiction to hear a wrongful levy claim.

### III.B.

Second, the government argues that there is no jurisdictional basis to hear a substitution of value claim under § 7426(a)(4) (permitting such a claim "within 120 days after the day on which such certificate [of discharge] is issued"). The basis for the government's argument is the plain language of § 7426(a)(4), which clearly requires the issuance of a certificate of discharge prior to bringing a claim under the section. See id. ("If a certificate of discharge is issued to any person . . . .").

Significantly, that provision is also the only one upon which Ms. Wagner now asserts jurisdiction. In her brief on jurisdiction, she asserts that she at least requested a certificate of discharge, before conceding that she cannot produce one. She suggests that the certificate may have been sent to an office that has since gone out of business but admits the IRS may never have issued it. These are frail hooks upon which to hang a jurisdictional argument. Ms. Wagner, as the plaintiff under I.R.C. § 7426, bears the burden of proof. See Texas Commerce Bank-Fort Worth, 896 F.2d at 156 (discussing burden of proof under § 7426(a)(1)). The reasons for her failure are irrelevant; it is enough that she has not presented a certificate of discharge. Under the plain terms of § 7426(a)(4), the district court had no jurisdictional basis to hear a claim under that subsection.

### III.C.

Third and finally, the government argues that even if Ms. Wagner were allowed to pursue a general third party refund action under 28 U.S.C. § 1346(a)(1), the district court still lacked subject matter jurisdiction. In Williams, supra, the Supreme Court authorized a third party to bring a refund action

under § 1346(a)(1) after paying someone else's taxes in full to remove a federal tax lien from her property. 514 U.S. at 538-40. Following Williams, Congress enacted § 7426(a)(4), and recent cases have noted that § 7426 is now the only avenue for third party actions. See, e.g., First American Title Insurance Company v. United States, 520 F.3d 1051, 1053 (9th Cir. 2008) ("[T]he Court's recent decision in EC Term of Years Trust v. United States narrows the permissible interpretation of Williams and there can no longer be a good argument for allowing a third-party challenge to an assessment, barred by § 7426, to be made under § 1346.").

Even if § 7426(a)(4) had not been enacted and the Williams rule was still applied, Williams recognized that a prerequisite to a refund suit under § 1346(a)(1) is payment in full of the tax at issue. 514 U.S. at 538 (citing Flora v. United States, 362 U.S. 145 (1960)). Here, it is undisputed that Ms. Wagner failed to pay Frederick Wagner's outstanding tax in full prior to filing suit against the IRS. Thus, even if the Williams cause of action under § 1346(a)(1) remained viable, Ms. Wagner failed to satisfy a jurisdictional prerequisite to that cause of action.

It is clear that subject matter jurisdiction does not exist under any of the three potential jurisdictional bases urged by Ms. Wagner. We can find no other basis for jurisdiction, under I.R.C. § 7426 or otherwise, given the facts before us. Accordingly, we must conclude that the district court lacked subject matter jurisdiction, and this case must be dismissed without prejudice.

## CONCLUSION

For the reasons stated above, the district court's judgment is VACATED, and the suit is DISMISSED without prejudice.