# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-30070 c/w Nos. 13-31010 & 13-31019
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2013

Lyle W. Cayce
Clerk

NAOMI SANDRES,

> Plaintiff–Appellant,

v.

STATE OF LOUISIANA DIVISION OF ADMINISTRATION, OFFICE OF
RISK MANAGEMENT,

> Defendant–Appellee.

---

Appeals from the United States District Court
for the Middle District of Louisiana
USDC Nos. 3:07-CV-375; 3:08-CV-145; 3:08-CV-524; 3:08-CV-563

---

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Naomi Sandres appeals the district court's dismissal with prejudice of her claims against the Louisiana Division of Administration, Office of Risk Management (ORM) pursuant to Federal Rule of Civil Procedure 37. We affirm.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30070 c/w 13-31010 & 13-31019

## I

Between 2007 and 2008, Sandres, acting pro se, filed four lawsuits against ORM alleging racial discrimination, age discrimination, and retaliation.[1]  On August 4, 2008, ORM gave notice to Sandres that it had scheduled her deposition for one of the cases on August 20.  Sandres moved to quash the deposition, which the magistrate judge denied.  Nonetheless, Sandres failed to appear for the deposition.  ORM thereafter moved to dismiss Sandres's action pursuant to Federal Rule of Civil Procedure 37.  The magistrate judge denied the motion, reasoning that the record did not clearly demonstrate that Sandres had been warned that her action could be dismissed if she failed to appear at the deposition.

Shortly after the magistrate judge's denial, ORM sent Sandres a letter stating the need to schedule her deposition for one of the other suits she had filed against the defendant and listing eight possible dates and times.  Sandres agreed to participate in the deposition on a different date than those listed. However, she would not agree on a location where the deposition would be conducted.  Sandres subsequently informed ORM that she could not be deposed on the selected date and would need to reschedule for the following year.  The district court thereafter granted ORM's motion to compel the deposition and cautioned Sandres that she would be sanctioned if she refused to be deposed within thirty days.  Sandres then participated in the deposition for that case.

In September 2011, the district court consolidated the four actions Sandres had filed against ORM, finding that they presented "common

---

[1] These are not the first lawsuits Sandres has filed against the State of Louisiana.  It appears that, since 2001, she has filed at least eight lawsuits against the State alleging various causes of action.  None of these lawsuits has resulted in a favorable outcome for Sandres, and this court has previously sanctioned Sandres for filing multiple frivolous appeals. *See Sandres v. State Office of Gen. Counsel*, 202 F. App'x 809, 810 (5th Cir. 2006).

No. 13-30070 c/w 13-31010 & 13-31019

questions of law and fact arising out of plaintiff's previous employment with defendant." Sandres appealed the consolidation order, even though this court had previously admonished her that we generally do not have jurisdiction over non-final orders and that continued attempts to appeal such orders would result in sanctions.[2] This court dismissed that appeal but did not impose sanctions.

Nine months after it had consolidated the cases, the magistrate judge informed the parties that it would hold a conference call on June 12 in order to "enter a scheduling order for the completion of discovery on the plaintiffs' [sic] remaining claims." During the ensuing conference, in which Sandres failed to participate without explanation, the magistrate judge determined that "[s]ubstantial discovery ha[d] been done, and what remain[ed was] primarily taking the plaintiff's deposition." Accordingly, the magistrate judge ordered that all remaining discovery be completed by September 14, 2012. ORM thereafter gave Sandres twelve different dates in the month of June during which it could complete the deposition. Sandres responded that she was not available during any of those twelve dates and that her earliest available time was the week of August 13. ORM then scheduled the deposition for August 14 at 9:30 am. Sandres subsequently sent ORM a letter stating that she could not attend the deposition on August 14 because of "finances and transportation problems" and requested that the deposition be rescheduled to August 27 or August 31. ORM agreed to conduct the deposition on August 27. Sandres then cancelled the deposition once again, claiming that she did not have the funds to attend her deposition.

ORM then moved to dismiss Sandres's claims pursuant to Rule 37. The magistrate judge denied the motion. Although the judge held that "[n]either

---

[2] *Sandres v. State Office of Gen. Counsel*, 137 F. App'x 676, 676 (5th Cir. 2005).

3

No. 13-30070 c/w 13-31010 & 13-31019

the plaintiff's failure to appear for her deposition noticed on August 27, 2012, nor her opposition to [ORM's] motion, was substantially justified," he found that dismissal was "not warranted at this time." Instead, the magistrate judge awarded ORM "its reasonable expenses of $500.00" and gave Sandres "one **final** opportunity to appear for a deposition." The judge specifically admonished Sandres in bold text that "**Plaintiff's failure to appear for this deposition may—and likely will—result in dismissal of her remaining claims.**" The district court also cautioned Sandres "to comply with the orders of the magistrate judge relative to appearing for her deposition . . . or these consolidated matters will be dismissed."

ORM thereafter noticed Sandres's deposition for November 7, 2012. Sandres received that notice on October 27, 2012, but failed to attend yet again. Nonetheless, on October 31, she appealed a separate order of the district court. That order affirmed the magistrate judge's denials of Sandres's motions to compel the production of certain information and documents and to extend the time for discovery. Before this court addressed Sandres's appeal of that order, the district court, on ORM's motion, dismissed all of Sandres's remaining claims against ORM pursuant to Rule 37. The district court recognized that it generally could not "alter the status of the case as it rests before the Court of Appeals." Nonetheless, it reasoned that it had jurisdiction to rule on the Rule 37 motion because the issues it presented were unrelated to the issues on appeal then before this court.

On March 6, 2013, we dismissed Sandres's appeal of the district court's unrelated discovery order on jurisdictional grounds. We noted that "Sandres has a history of filing frivolous litigation in this court" and that we "cannot tolerate such abuse of the judicial system." Accordingly, we admonished her that the continued filing of frivolous appeals "will result in sanctions, including

4

No. 13-30070 c/w 13-31010 & 13-31019

possibly monetary sanctions and restrictions on filing in this court and the district courts in this circuit."

Now before this court is Sandres's appeal of the district court's dismissal of her claims pursuant to Rule 37.

## II

Before reaching the merits of Sandres's appeal, we must determine whether the district court had jurisdiction to rule on ORM's motion to dismiss.[3] We review such jurisdictional questions de novo.[4]

In general, "'[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'"[5] However, "the district court may still proceed with matters not involved in the appeal," even if consideration of those matters results in the disposition of the case.[6] We have held that an issue before the district court is "only an 'aspect[] of the case involved in the appeal' if the appeal and the claims before the district court address the same legal question."[7]

---

[3] *See Giannokos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) ("United States District Courts and Courts of Appeals have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking."); *see also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

[4] *Wagner v. United States*, 545 F.3d 298, 300 (5th Cir. 2008).

[5] *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 233 (5th Cir. 2009) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

[6] *Id.* (internal quotation marks omitted); *see also Clower v. Wells Fargo Bank, N.A.*, 381 F. App'x 450, 452 (5th Cir. 2010) ("We do not doubt that the district court had authority to proceed with matters not involved in the appeal and therefore to dismiss the complaint . . . .") (internal quotation marks omitted).

[7] *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 909 (5th Cir. 2011) (quoting *Griggs*, 459 U.S. at 58).

No. 13-30070 c/w 13-31010 & 13-31019

We agree with the district court that it had jurisdiction to dismiss Sandres's claims pursuant to Rule 37. The issue before the district court was not an aspect of the case involved in the appeal before this court. Sandres's appeal concerned whether the district court erred in affirming the magistrate judge's orders denying her extended discovery. That question is unrelated to whether a litigant's persistent refusal to submit to a deposition merits a dismissal of her claim. Resolving ORM's motion did not cause the district court to resolve the same question that was before this court. Thus, the district court had jurisdiction over ORM's motion to dismiss.

## III

We next consider the merits of the district court's dismissal. We review a district court's dismissal of an action pursuant to Federal Rule of Procedure 37 for abuse of discretion.[8] "[S]uch discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse."[9] Even if we would not have ordered dismissal, we must affirm the district court's order unless it made a legal error or a clearly erroneous factual finding.[10]

Rule 37 provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders," including "dismissing the action or proceeding in whole or in part."[11] A separate provision of the Rule further states that if "a party . . . fails, after being served with proper notice, to appear for that person's deposition," the "court where the action is pending may, on motion, order sanctions,"

---

[8] *Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 316 (5th Cir. 2013).

[9] *Id.* at 315 (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)).

[10] *Id.*

[11] FED. R. CIV. P. 37(b)(2)(A)(v).

including dismissing the offender's action.[12]   Under our precedent, several "*Conner* factors" must be present before a district court may dismiss an action under Rule 37:

> (1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation of the discovery order must be attributable to the client instead of the attorney[;] (3) the violating party's misconduct must substantially prejudice the opposing party; and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.[13]

Sandres does not argue that any of these factors are absent in this case, and indeed, each is amply present.  Over the course of four years, Sandres was ordered multiple times to attend a deposition and was specifically warned that a failure to attend would result in a dismissal.  Despite these warnings, Sandres repeatedly failed to attend.  Although she occasionally sought to excuse her prior failures to attend by claiming financial hardship at the last minute, she did not make such an excuse for her most recent failure.  According to the district court's findings, Sandres did not offer *any* explanation for her failure to attend or suggest to ORM alternative times.  The district court did not clearly err in finding that Sandres's failure to attend was the result of intentional conduct.

Moreover, over the course of four years, Sandres has consistently refused to cooperate with either the district court or ORM.  She refused to accept any of the many dates ORM gave for her deposition and, even when a date was selected, she refused to agree upon a location.  She additionally failed to participate in an important scheduling conference call without explanation.

---

[12] FED. R. CIV. P. 37(d).

[13] *Moore*, 735 F.3d at 316 (internal quotation marks omitted).

Nonetheless, she vigorously continued to seek the discovery she desired, filing a multitude of motions and appeals. Thus, the district court was fully justified in finding that Sandres acted in bad faith and had a clear record of contumacious conduct.

As Sandres was proceeding pro se, her refusals to follow the orders of the district court and the magistrate judge are attributable only to her. In addition, those refusals have caused substantial prejudice to the defendant. ORM has faced four lawsuits from Sandres over the past six years and has been unable to resolve them, in part because Sandres has refused to allow it to obtain the discovery that it needs. Indeed, the magistrate judge specifically found in June 2012 that Sandres's deposition was the primary impediment to moving forward. Despite multiple efforts by ORM and warnings by the district court, that impediment remained by November of that year.

Lastly, it is abundantly clear that no other sanction will achieve the desired deterrent effect. Sandres has repeatedly refused to heed the warnings of the magistrate judge, the district court, and this court. Moreover, despite multiple financial sanctions, she has continued to disobey clear orders from the courts of this circuit. In such circumstances, dismissal was appropriate to prevent a further needless waste of both this court's resources and those of ORM. Accordingly, we AFFIRM the district court's dismissal.

**IV**

Despite filing a notice of appeal of the district court's order dismissing her case, Sandres has continued to file numerous, frivolous motions before the district court. In a motion titled "Application for Stay of Judgment Pending Appeal of Judgment or as an Alternative, a New Trial, also Stay of Ruling and Order," for instance, Sandres reiterated the same points that she had made in her prior motions, e.g. that she was denied the discovery she deserved, without discussing the standards governing stays or new trials. Similarly, in her

No. 13-30070 c/w 13-31010 & 13-31019

"Motion for Separation of this Case to Serve Justice and to Proceed with Trial," Sandres failed to discuss why the district court's previous order consolidating the cases was erroneous. She simply stated that she has a right to a jury trial and that dismissing her case with prejudice was unjust. The district court denied these and other motions in two separate orders, in part on the ground that Sandres's notice of appeal deprived it of jurisdiction.

Sandres has appealed these two orders. The appeals have been docketed as case Nos. 13-31010 and 13-31019. Sandres has moved that these appeals be consolidated with her appeal of the district court's dismissal of her action, case No. 13-30070. She has further moved that she be permitted to update her briefs. ORM does not oppose these motions. As the two orders arise out of the same set of facts and raise the same issues as her initial appeal, Sandres's motions to consolidate are GRANTED. However, since the motions Sandres filed before the district court were frivolous, we DENY Sandres's motions to update her briefs. We conclude that we can adjudicate all three appeals on the basis of the briefs on file. Because the motions Sandres filed after her notice of appeal involved the same issues that were already before this court, i.e. the propriety of the dismissal of Sandres's action and the consolidation of the cases, we AFFIRM the district court's orders holding that it lacked jurisdiction.[14]

## V

This court has previously warned Sandres that failing to identify errors in the district court's reasoning for granting a motion constitutes a failure to brief the issue for appeal and that such continued failures would be met with sanctions.[15] In her appeal of this case, Sandres once again fails to note any errors the district court made in its consideration of ORM's motion to dismiss.

---

[14] *See Weingarten Realty Investors v. Miller*, 661 F.3d 904, 909 (5th Cir. 2011).

[15] *Sandres v. State Office of Gen. Counsel*, 202 F. App'x 809, 810 (5th Cir. 2006).

9

No. 13-30070 c/w 13-31010 & 13-31019

Her appeal consists mostly of four separate summaries of the procedural history of this case. Read liberally, the appeal also complains about the consolidation of these cases and the district court's denial of her motions for expanded discovery. These complaints, however, do not address the district court's decision to dismiss Sandres's claims pursuant to Rule 37. Indeed, one would not even know why the district court dismissed Sandres's actions based on reading her brief.

Throughout this litigation, Sandres has proceeded *in forma pauperis*. Permitting those with limited resources to litigate without paying fees is vital to ensure the vindication of rights and the provision of justice. "But," as the Supreme Court has noted, "paupers filing *pro se* petitions are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous petitions."[16] The courts therefore must take it upon themselves to "issue[] orders intended to curb serious abuses" in order to avoid the squandering of judicial resources.[17] Such orders have in the past included prospectively disallowing an individual from proceeding *in forma pauperis*.[18] Although we choose not to take such a step today, we caution Sandres that **the continued filing of frivolous appeals and motions will result in the prospective denial of her ability to proceed *in forma pauperis***, at least in actions arising from her previous or prospective employment by the State of Louisiana.

---

[16] *In re McDonald*, 489 U.S. 180, 184 (1989).

[17] *See id.*

[18] *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 290-91 (1993) (directing the Supreme Court Clerk to "reject all future petitions for certiorari from [sanctioned litigant] in noncriminal matters unless he pays the docketing fee required by" the Supreme Court's rules); *McDonald*, 489 U.S. at 180 (directing the Supreme Court Clerk "not to accept any further petitions from petitioner for extraordinary writs . . . unless he pays the docketing fee" otherwise required by the Supreme Court's rules).

No. 13-30070 c/w 13-31010 & 13-31019

\* \* \*

Sandres's motions to consolidate are GRANTED.  Sandres's motions to update her briefs are DENIED.  The district court's orders are AFFIRMED. SANCTIONS WARNING ISSUED.